UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RICHARD PAUL SATORNINO,**

      **Plaintiff,**

v.                                                Case No:  6:12-cv-1059-Orl-22GJK

**COMMISSIONER OF SOCIAL SECURITY
and SSA,**

      **Defendants.**
_____/

**ORDER**

This cause is before the Court on Plaintiff's Complaint for review of the Final Decision of the Commissioner of Social Security denying the Plaintiff's claim for Disability Insurance benefits and Supplemental Security Income payments (Doc. No. 1).

The United States Magistrate Judge has submitted a report recommending that the decision be affirmed (Doc. No. 22).

After an independent *de novo* review of the record in this matter, including the objection filed by the Plaintiff Richard Paul Satornino ("Plaintiff") (Doc. No. 23), the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation ("R & R").

**I.  BACKGROUND**

The Court adopts as if fully set forth herein the background section from the Magistrate Judge's Report & Recommendation.

In the present case, the Administrative Law Judge ("ALJ") held that Plaintiff is not disabled under Section 216(i) and Section 223(d) of the Social Security Act. (Doc. No. 15-2 at p. 30). Plaintiff claimed disability due to bipolar disorder, inability to concentrate, drowsiness

secondary to medications, head injury, headaches, arthritis, facial reconstruction surgery, hearing loss, vision problems, heart problems, chest pain, and high cholesterol. (Doc. No. 22 at p. 2).

## II. PLAINTIFF'S OBJECTION

Plaintiff argues that the Magistrate Judge improperly rejected his argument that the ALJ did not apply the correct legal standard to Dr. Mercedes DeCubas' assessment of the Plaintiff and that the ALJ's opinion is not supported by substantial evidence.

When an ALJ makes a disability determination, the ALJ follows a five-step evaluation process: (1) whether Plaintiff is currently performing substantial gainful activity; (2) whether Plaintiff has a severe impairment; (3) whether the severe impairment meets or exceeds an impairment in the listings; (4) whether the Plaintiff can perform his past relevant work; and (5) whether Plaintiff can perform other jobs that exist in the national economy. *See Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 136-37 (11th Cir. 2009) (per curiam) (citations omitted). The Plaintiff has the burden of proof on the first four steps; the Commissioner carries the burden on the fifth step. *Id.* at 137 (citation omitted). When reviewing the ALJ's findings of fact, the Social Security Act mandates that "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citation omitted).[1]  As well, the Court reviews de novo the ALJ's conclusions of law. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007). If the ALJ fails to apply the correct law or provide the Court with sufficient reasoning for determining that the proper legal analysis was conducted, then the Court must reverse. *Id.* (citation omitted).

---

[1] Substantial evidence is evidence that is "more than a scintilla, i.e. evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citations omitted).

In Dr. DeCubas' Mental Residual Functional Capacity Assessment ("MRFCA"), Dr. DeCubas marked in "Part I: Summary Conclusions" the box describing that Plaintiff was "moderately limited" in "The ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." (Doc. No. 15-8 at p. 25). However, in Part III of the MFRCA titled "Functional Capacity Assessment," Dr. DeCubas stated that Plaintiff "does have the capacity to meet the demands of a routine workplace as long as he remains drug free. [Plaintiff] appears to be stable with TX." (*Id.* at p. 26).

Plaintiff argues that when the ALJ posed her hypothetical to the vocational expert, the ALJ failed to account for Dr. DeCubas' assessment in Part I of the MRFCA in which Dr. DeCubas marked the box describing that Plaintiff was "moderately limited" in "The ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." The Magistrate Judge rejected this argument based on *Jones v. Commissioner of Social Security*, 478 F. App'x 610 (11th Cir. 2012) (per curiam).

In *Jones*, the appellant raised the exact same claim Plaintiff raises in the present case. The appellant claimed that the ALJ failed to account for two evaluating physicians that checked in Part I of an MRFCA the "moderately limited" box for the description: "The ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." *Jones*, 478 F. App'x at 612. The Eleventh Circuit rejected this argument noting that the appellant's argument did not consider all of the relevant medical and other evidence that was before the ALJ. *Id.* Further, the Eleventh Circuit explained that the Social Security

3

Administration's Programs Operations Manual System ("POMS") clarifies that the boxes checked by doctors are only part of a worksheet that does not constitute the doctor's actual Residual Functional Capacity ("RFC") assessment. After checking a box in Part I, a doctor is then required to detail his actual RFC assessment in Part III. *Id.*

As well, in *Land v. Commissioner of Social Security*, the Eleventh Circuit reiterated its analysis from *Jones*, addressing the exact same issue. *Land*, 494 F. App'x 47, 49-50 (11th Cir. 2012) (per curiam) (stating that checking the box does not indicate the degree and extent of the limitation but rather is an aid before the doctor engages in her actual required RFC).

In the present case, the Court agrees with the analysis of the Magistrate Judge and incorporates it by reference. Additionally, the Court notes that in Part III of the MRFCA, Dr. DeCubas opined, notwithstanding Part I, that Plaintiff "does have the capacity to meet the demands of a routine workplace as long as he remains drug free. [Plaintiff] appears to be stable with TX." (Doc. No. 15-8 at p. 26). As well, the ALJ, by thoroughly analyzing the record, clarified that she found that Plaintiff could perform full time work. (*See, e.g.* (Doc. No. 15-2 at p.27)).

Therefore, the Court finds that the ALJ did follow the correct legal standard. Plaintiff relies on unpublished district court opinions that predate *Jones* and *Land*. The Court finds *Jones* and *Land* more persuasive and directly on point. As well, the Court finds that the ALJ's opinion is supported by substantial evidence.

Therefore, based on the foregoing, it is **ORDERED** as follows:

1. The Report and Recommendation filed April 10, 2013 (Doc. No. 22), is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Plaintiff's objection (Doc. No. 23) is **OVERRULED.**

3. The Final Decision of the Commissioner of Social Security denying the Plaintiff's claim for Disability Insurance benefits and Supplemental Security Income payments is hereby **AFFIRMED**. The clerk is directed to enter Judgment accordingly, and close the file.

**DONE** and **ORDERED** in Orlando, Florida on April 29, 2013.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties